**GUARINO & CO. LAW FIRM, LLC**
300 Main Street, Suite 552
Madison, NJ 07940
973/615-1791
guarinolaw@gmail.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM OMAR LANDRON, | CIVIL ACTION NO.: 23-CV-23231 |
| Plaintiff, | |
| v. | |
| CESAR HUMBERTO PINA a/k/a "Flipping NJ," | |
| Defendant. | |

**BRIEF IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND IN SUPPORT OF CROSS-MOTION TO VACATE DEFAULT AND PERMIT THE FILING OF AN ANSWER TO THE COMPLAINT**

1

## PRELIMINARY STATEMENT

Defendant Cesar Humberto Pina ("Pina") respectfully opposes plaintiff's motion for a default judgment, and cross-moves to vacate the default that was entered against him and to permit the filing of an answer to the complaint.

As will be seen, Pina has good, meritorious defenses to this action, and good cause exists to vacate the default. Based upon dealings with the plaintiff's counsel, defendant—who at the time was not represented by counsel—mistakenly believed that by his cooperating with plaintiff and consenting to take down his website and deal with material on certain social media, this action would be resolved. Defendant always acted in good faith.

## FACTS

The complaint was filed on December 19, 2023 (Docket Entry 1). Certification of Cesar Humberto Pina ("Pina Cert.") at para. 2. It was never personally served upon Pina. *Id.*

On January 16, 2024, plaintiff's counsel filed a request for entry of default (Docket Entry 13), and default against Pina was entered on January 17, 2024 (Docket Entry 13). *Id.* at para. 3.

Although the motion for default judgment now filed by plaintiff (Docket Entry 14) purports to only seeks a permanent injunction, the proposed Order submitted goes far beyond simply entering this relief. *Id.* at para. 4. The Proposed Order would make **findings** that Pina violated numerous statutory and common law rights of plaintiff, thereby setting the stage for plaintiff to later seek an award of damages. *Id.*

Pina never purposefully ignored the summons and complaint, or any Orders entered on the docket by the Court. *Id.* at para. 5. Until now Pina was unrepresented by counsel, and he was not aware of and had no access to any docket entries. *Id.* Attorney Steven Griegel, referred to by plaintiff in his moving papers, never represented or assisted Pina in this matter. *Id.*

2

So as not to ignore the summons and complaint, Pina's wife had been in contact with plaintiff's counsel. *Id*. at para. 6. She made clear in writing on December 27, 2023, that Pina was trying to fully cooperate and to take down certain pictures appearing on his website. *Id*. at **Exhibit A**. In an e-mail to Pina's wife, plaintiff's counsel proposed confirming to the Court that the website allegedly improperly identifying plaintiff had been taken down, and that Pina was addressing other alleged uses of plaintiff's name, image and likeness on certain social media. *Id.*

In his proposed letter to the Court, plaintiff's counsel also represented that defendant "does not seem to be opposing the relief sought," and that therefore counsel "would respectfully request entry of an injunction without opposition." *Id.* at para. 7.

Pina was privy to all the communications between plaintiff's counsel and Pina's wife, and based on these communications and his cooperating with plaintiff, Pina did not think or understand that there was a need to respond to the complaint. *Id*. at para. 9. Because at the time Pina was not inclined to oppose the relief sought (an injunction *only*), Pina believed that this matter would not proceed any further. *Id*. He did not realize that plaintiff intended to seek findings that Pina had violated plaintiff's statutory and common law rights, setting the stage for plaintiff to seek an award of damages. *Id*. Pina had no attorney to explain this to him. *Id*.

In his motion for default judgment, plaintiff sets forth how the allegations of his complaint make out *prima facie* claims. *Id*. at para. 9. Pina believes, however, that he has good defenses to these claims. *Id*. Although plaintiff relies upon his right to publicity (Count I), such right must be balanced against the right to free speech. *Id*. In the case at bar, Pina maintains that his right to free speech "trumps" any right to publicity that plaintiff may have. *Id*. Moreover, although plaintiff in part relies upon Florida statutory law (Count II), normally it is the substantive law of the state in which the Federal Court sits that applies—here, New

3

Jersey. *Id*. In any event, Pina contests liability under the Florida statute. Finally, as to the False Endorsement claims (Counts III and IV), Pina contests that anything that he may have posted on a website or on social media sites was "likely to cause confusion, mistake, or deception" regarding my business activities and/or "their affiliation, sponsorship, approval, endorsement, or association with plaintiff." Complaint at para. 39, Pina Cert. at para. 9.

Apart from strongly contesting the factual and legal basis for any liability, Pina also contests that plaintiff has suffered any recoverable damages as a result of any conduct on his part. *Id*. at para. 10. Although the motion for default judgment does not seek an award of damages, it seeks to have the Court make findings going to liability, and the complaint seeks damages. *Id*. Hence, it especially is important that the default be vacated, and that Pina be permitted to present his defenses on the merits.

## LEGAL ARGUMENT

### I

### STANDARD TO SET ASIDE DEFAULT

Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(c), however, provides that the court may set aside the entry of default for good cause.

Four factors are considered when determining to set aside a default: "(1) whether lifting the default will prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *EMCASCO Insurance Company v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987).

The Third Circuit prefers that cases be disposed of on the merits. *Miles v. Aramark Correctional Service, Inc.,* 321 Fed. Appx. 188, 191 (3d Cir. 2009)(quoting *Hritz*, 732 F.2d at 1180-81). "A standard of 'liberality' rather than 'strictness' should be used in deciding whether to vacate a default so that 'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Fed. Home Loan Mortg. Corp. v. B&C Inv. Assocs.,* 1998 U.S. Dist. LEXIS 23521 at *13 (D.N.J. Aug. 11, 1998) (quoting *Medunic v. Lederer,* 533 F.2d 891, 893-94 (3d Cir. 1976)). *See also Feliciano v. Reliant Tooling Company, Ltd.,* 691 F.2d 653 (3d Cir. 1982).

## II
### GOOD CAUSE EXISTS TO VACATE THE DEFAULT

**A. Defendant has Demonstrated Excusable Conduct**

Defendant did not wilfully fail to respond to the summons and complaint. There were communications with plaintiff's counsel, and written e-mails make clear that defendant was cooperating with removing certain material from his website, and social media. Given the tenor of the written communications, and the fact that defendant was not represented by counsel, it is not surprising that defendant would have thought that his cooperation with plaintiff's counsel would put an end to the litigation.

Certainly defendant's conduct is not culpable. For purposes of Rule 55, culpable conduct is dilatory behavior that is willful or in bad faith. *E.g., Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 122 (3d Cir. 1983); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). "More than mere negligence must be shown." *Hritz v. Woma Corporation*, 732 F.2d 1178, 1183 (3d Cir. 1984). No such conduct has been shown to exist in the case at bar.

**B. Defendant has Meritorious Defenses to the Alleged Trademark Infringement**

Defendant has demonstrated that he has defenses to this action.

Whether there is a meritorious defense is the threshold issue in opening a default. The defaulting party must allege facts which, if established, would enable it to prevail in the action.[1] *United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Farnese*, 687 F.2d at 764; *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951). Thus, demonstrating the existence of a meritorious defense requires a defendant to set forth with some specificity the grounds for its defense. However, the legal issue should not be decided at such an early stage of review. *Nationwide Mutual Insurance Company v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 522 (3d Cir. 2006).

A defaulting party is not required "to prove beyond a shadow of a doubt that [it] will win at trial, but merely to show that [it has] a defense to the action which at least has merit on its face." *Jackson v. Delaware County*, 211 F.R.D. 282, 284 (E.D. Pa. 2002).

Pina has outlined defenses to the claims which, on their face, have merit. He asserts that any right to publicity (Count I) must be balanced against the right to free speech, and that his right to free speech "trumps" any right to publicity that plaintiff may have. Moreover, although plaintiff in part relies upon Florida statutory law (Count II), normally it is the substantive law of the state in which the Federal Court sits that applies—here, New Jersey. In any event, Pina contests the factual predicates that underly liability under the Florida statute. Finally, as to the False Endorsement claims (Counts III and IV), Pina contests that anything that he may have posted on a website or on social media sites was "likely to cause confusion, mistake, or deception" regarding my business activities and/or "their affiliation, sponsorship, approval, endorsement, or association with plaintiff." Complaint at para. 39, Pina Cert. at para. 9.

---

[1] If no answer has been filed, the Court can assess whether there are meritorious defenses by examining the allegations in the motion to set aside entry of default. *See, e.g., Scully v. Onebeacon Ins. Co.,* 2004 WL 414041 at *2 (E.D. Pa. March 3, 2004); *Kauffman v. Cal Spas*, 37 F. Supp.2d 402, 405 n.1 (E.D. Pa. 1999).

In short, *prima facie* defenses have been made out. In addition, apart from strongly contesting the factual and legal basis for any liability, Pina also contests that plaintiff has suffered any recoverable damages as a result of any conduct on his part. Although the motion for default judgment does not seek an award of damages, it seeks to have the Court make findings going to liability, and the complaint seeks damages. Pina disputes that plaintiff has suffered any damage.

**C.  There is no Prejudice to Plaintiff**

There can be no prejudice to plaintiff flowing from the vacating of the default. Indeed, this suit was only commenced on December 19, 2023, and therefore this suit is in its inception. Moreover, no significant papers were filed by plaintiff in obtaining the default, and therefore plaintiff hardly can argue that he incurred costs in obtaining the default.

Prejudice to a plaintiff "is established . . . when a plaintiff's ability to pursue the claim has been hindered [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. V. Starlight Ballroom Dance Club, Inc.,* 175 F. App'x 519, 522 (3rd Cir. 2006)(citation omitted). There can be no suggestion in the case at bar that such prejudice exists.

Finally, the only alternative sanction would be to enter default judgment. Given the facts of this case, however, defendant respectfully submits that such a sanction would be draconian. This especially is so given that the Third Circuit prefers that cases be disposed of on the merits. *See, e.g., Miles v. Aramark Correctional Service, Inc.,* 321 Fed. Appx. 188, 191 (3d Cir. 2009).

7

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the motion for default judgment should be denied, and that the cross-motion to vacate the default should be granted and the default vacated to permit defendant to file an answer to the complaint.

**GUARINO & CO. LAW FIRM, LLC**
300 Main Street, Suite 552
Madison, NJ 07940
973/615-1591
guarinolaw@gmail.com
Attorneys for Defendant


BY:s/<u>Philip L. Guarino</u>