UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAM OMAR LANDRON,** | Civil Action No. 23-23231 (MEF) (MAH) |
| Plaintiff, | |
| v. | ORDER |
| **CESAR HUMBERTO PINA, etc.,** | |
| Defendant. | |

This matter having come before the Court by way of Defendant Cesar Humberto Pina's ("Defendant") motion to set aside default [D.E. 16];[1]

and it appearing that Plaintiff William Omar Landron ("Plaintiff") opposes Defendant's motion [D.E. 19];

and the Honorable Michael E. Farbiarz, United States District Judge, having referred the matter to the Undersigned;[2]

and the Court having considered the motion, the record, and the governing law;

and the Court deciding Defendant's motion on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

---

[1] Defendant filed the motion to set aside entry of default as a cross-motion to Plaintiff's motion for default judgment. See Mot. for Default Judgment, D.E. 14. Because the Court grants Defendant's motion to set aside default, Plaintiff's motion for default judgment is moot.

[2] A Magistrate Judge has the authority to set aside an entry of default, as it is not dispositive. See Home Box Office, Inc. v. Tel-A-View Elecs., Corp., No. 86-1491, 1986 WL 12768, at *1 (E.D. Pa. Nov. 7, 1986) (rejecting contention "that the clerk's entry of default is dispositive" and noting that "[a]n entry of default is not a default judgment").

and Federal Rule of Procedure 55(c) providing, in part, that the court "may set aside an entry of default for good cause";

and the decision to set aside an entry of default being primarily left to a court's sound discretion, *see United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984);

and courts disfavoring default because "the interests of justice are best served by obtaining a decision on the merits," *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 173 (E.D. Pa. 2000); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95 ("We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits.") (internal quotation marks omitted);

and the United States Court of Appeals for the Third Circuit requiring that courts consider the following four factors when deciding to vacate entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions, *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987);

and, even though courts weigh all four factors, the threshold question is generally whether Defendant asserts a meritorious defense, *see $55,518.05 in U.S. Currency*, 728 F.2d at 195;[3]

---

[3] Whether defendant asserts a meritorious defense is traditionally the most important factor. *See Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013). Meritorious defenses require more than general denials of the pending claims; indeed, a defendant must "set forth with some specificity the grounds for his [or her] defense." *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988). Typically, a party establishes a

2

and the Court finding that Defendant has asserted potentially meritorious defenses;[4]

---

meritorious defense where "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *see also World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012). However, the Court is not required to resolve legal issues. *See Emcasco*, 834 F.2d at 74. Rather, a proffered defense is sufficient if it is not facially unmeritorious. *See id.*

[4] On December 19, 2023, Plaintiff, "an internationally known rapper, singer, producer and actor who professionally uses the name 'Don Omar,'" filed a Complaint against Defendant, alleging that Defendant, in advertising his business, used Plaintiff's images and likeness on his website and social media, giving the false impression that Plaintiff endorsed Defendant. Compl., D.E. 1, ¶¶ 2-8, 16-24. Plaintiff asserts that Defendant did so without his permission and without compensating him. *Id.* Plaintiff brings claims for a violation of his right to publicity, a violation of a Florida statute and common law prohibiting the unauthorized publication of name or likeness, and false endorsement under both New Jersey law and the Lanham Act. *Id.* ¶¶ 25-48.

On December 20, 2023, Plaintiff served Defendant with a copy of the Summons and Complaint. *See* Decl. of Scott H. Kaliko in Supp. of Request for Entry of Default, D.E. 13-1, ¶ 12. Defendant's answer was due on January 10, 2024, but Defendant did not file an answer. Accordingly, on January 16, 2024, Plaintiff sought a Clerk's entry of default. D.E. 13. The Clerk's Office entered default against Defendant on January 17, 2024. On January 30, 2024, Plaintiff filed a motion for default judgment. Mot. for Default Judgment, D.E. 14. On February 20, 2024, Defendant cross-moved to set aside default and filed an opposition to the motion for default judgment. *See* Def.'s Mot. to Set Aside Default, D.E. 16; Response to Mot. for Default Judgment, D.E. 17.

In his motion to set aside default, Defendant maintains that he has meritorious defenses to all four of Plaintiff's claims. For example, he contends that his right to free speech outweighs Plaintiff's right to publicity under New Jersey common law. Br. in Supp., D.E. 16-1, at 6. Defendant also contends that Plaintiff's claim for unauthorized publication and use of likeness improperly relies on a Florida statute, when New Jersey law should apply. *Id.* Moreover, Defendant challenges both the underlying factual allegations and his liability under the Florida statute. *Id.* Finally, with respect to Plaintiff's false endorsement claims under both New Jersey law and the Lanham Act, Defendant argues that nothing he posted on a website or social media "was 'likely to cause confusion, mistake, or deception' regarding [his] business activities and/or 'their affiliation, sponsorship, approval, endorsement, or association with plaintiff.'" *Id.* Defendant's asserted defenses have the potential to be meritorious if established at trial, such that the Court cannot find that Defendant's proffered defenses are facially unmeritorious. *See Emcasco*, 834 F.2d at 74.

3

and the Court also finding that vacating the entry of default will not prejudice Plaintiff;[5]

and the Court further finding that the record does not suggest that Defendant defaulted due to culpable conduct;[6]

---

[5] Courts have explained that prejudice "only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *See Paris*, 2013 WL 4047638, at *3. Plaintiff has not established prejudice, for several reasons.

First, Defendant filed his motion to set aside default in a reasonable amount of time after entry of default. Although just over a month passed between entry of default and Defendant filing his motion to set aside the default, the Court does not find this to be an unreasonable amount of time. As outlined above, the record reflects that Defendant was served with the Complaint on December 20, 2023, and his answer was due on January 10, 2024. *See* Decl. of Scott H. Kaliko in Supp. of Request for Entry of Default, D.E. 13-1, ¶ 12. The Clerk of the Court entered default on January 17, 2024, only seven days after Defendant's response to the Complaint was due. On January 30, 2024, Plaintiff moved for default judgment. Mot. for Default Judgment, D.E. 14. On February 20, 2024, Defendant cross-moved to set aside default and opposed the motion for default judgment. *See* Def.'s Mot. to Set Aside Default, D.E. 16; Response to Mot. for Default Judgment, D.E. 17. Given the relatively short time between the deadline to respond to the Complaint and Defendant's filing of his motion to set aside default, the Court does not find that Plaintiff has suffered prejudice. Plaintiff will still be able to produce discovery to establish his claims, and to present those claims for adjudication on their merits.

Second, Plaintiff has not established that there has been a loss of available evidence, an increased potential for fraud or collusion, or that Plaintiff has substantially relied on any judgment. *See Paris*, 2013 WL 4047638, at *3.

[6] In general, culpable conduct includes "actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting that culpable conduct includes acts "intentionally designed to avoid compliance with court notices [and reckless] disregard for repeated communications from plaintiffs and the court"). While Plaintiff argues that Defendant is presumed to have engaged in culpable conduct by virtue of having failed to respond to the Summons and Complaint, that merely speaks to Defendant's dilatory conduct and is not indicative of his culpability. *See Ipromoteu, Inc. v. Sasco New Jersey, Inc.*, No. 20-20529, 2024 WL 278570, at *2 (D.N.J. Jan. 25, 2024). Plaintiff has provided nothing to establish that Defendant acted in bad faith in failing to timely respond to Plaintiff's Complaint. *See* Pl.'s Opp. Br., D.E. 14-5, at 14-16. Instead, Defendant proffers that he mistakenly believed that because he had been communicating with Plaintiff's counsel and was cooperating with removing certain

and the Court further finding that it need not impose alternative sanctions;

and therefore, the Court concluding that good cause exists to set aside the entry of default;

**IT IS on this 11th day of April 2024,**

**ORDERED** that Defendant's motion to set aside default [D.E. 16] is **granted**, and it is further

**ORDERED** that Plaintiff's motion for default judgment is deemed moot [D.E. 14]; and it is further

**ORDERED** that Defendant shall file his Answer on or before **April 19, 2024**.

<u>*s/ Michael A. Hammer*</u>
**UNITED STATES MAGISTRATE JUDGE**

---

material from his website and social media that he did not need to take further action regarding this litigation.   Cert. of Cesar Humberto Pina, D.E. 16-2, ¶¶ 5-8; Br. in Supp., D.E. 16-1, at 5. At that time, Defendant was not represented by counsel and did not appreciate the importance of formally responding to the Complaint.   *See id.*   Based on this record, the Court cannot conclude that Defendant acted in bad faith or with culpable conduct in failing to answer Plaintiff's Complaint. *See, e.g., Emcasco*, 834 F.2d at 75 (finding excusable neglect where defendant filed an answer six months after the due date).   Thus, because Defendant's default appears inadvertent, this factor also weighs in favor of vacating default.